BRKLACIC et al. v. INDUSTRIAL COMMISSION (STANDARD COAL CO., Intervener).

No. 4128.    Decided July 10, 1924.    (227 Pac. 1036.)

1. MASTER AND SERVANT—NOTICE. TO COMPENSATION CLAIMANT OF PROCEEDING BY OTHER CLAIMANTS HELD SUFFICIENT. Contention

that compensation claimant was not properly notified of pro-
ceedings in which compensation for death was awarded to
others, because notices sent her by Industrial Commission styled
claim in name of other claimants only, where claimant knew it
was conducted under title and number given, was unsupport-
able, since title is mere convenience and does not limit scope of
proceeding.

2.  MASTER AND SERVANT—AWARD OF COMPENSATION HELD TO ADJUDI-
    CATE CLAIM OF OTHER CLAIMANTS NOT PRESENTING CLAIM WITH-
    IN STATUTORY TIME. Where plaintiffs claiming compensation for
    death of employee notified Industrial Commission through their
    attorney of their claim, and having ample opportunity to sub-
    mit proofs, neglected to do so until after expiration of time al-
    lowed for writ of review by Comp. Laws 1917, § 3148, as
    amended by Laws 1921, c. 67, and their attorney wrote to Com-
    mission that he would take no further action in matter. Com-
    mission properly awarded whole compensation to other claim-
    ants and plaintiffs' claim was thereby adjudicated without any
    express finding against it, notwithstanding Comp. Laws 1917,
    § 3144, allowing Commission to modify its orders.[1]

Original proceeding in mandamus by Milka Brklacic and
others to compel the Industrial Commission of Utah to recog-
nize and hear their claim to compensation for the death of
George Brklacic, in which the deceased's employer, the
Standard Coal Company intervened, and joined as plaintiff.

ALTERNATIVE WRIT QUASHED, and proceedings dismissed.

*B. L. Lieberman,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,*
Asst. Atty. Gen., for defendant.

*Willard Hanson,* of Salt Lake City, for intervener.

CHERRY, J.

This is a proceeding in mandamus whereby the plaintiffs

---

[1] *Salt Lake City* v. *Ind. Com.,* 61 Utah, 514, 215 Pac. 1047.

seek to compel the Industrial Commission to recognize and hear their claim to share as dependents in the compensation awarded to others on account of the accidental death of George Brklacic (also known as George J. Berkeley) which occurred in the course of his employment by the Standard Coal Company. By intervention, the employer joins in the plaintiffs' petition.

The deceased was instantly killed on October 27, 1922. On November 19, 1922, Mr. W. T. Gunter, a duly licensed and practicing attorney at law, addressed a letter to the Industrial Commission stating that deceased left a dependent wife, Milka Brklacic, and a mother, Anna Brklacic, in the "old country," whom he represented; that he desired to make a claim for them, "for any insurance or money to which they may in any way be entitled by reason of the death of said George Berkeley [George Brklacic]" and that he "would like to have an opportunity to be heard on any and all matters that may arise in the premises or in connection with this matter."

The Commission acknowledged receipt of the letter and advised that the dependents mentioned should make a claim to the Commission as provided by section 3140, subsec. 1, Comp. Laws Utah 1917, as amended in 1921, and further advised that investigations had disclosed that deceased left a wife and child at Standardville, Utah. Thereafter and on December 13, 1922, Mr. Gunter addressed a communication to the Commission stating among other things that—

"I have written to the mother and wife, in the old country, for full and complete information concerning the facts and for proof of marriage, powers of attorney, etc. So soon as I receive certain and definite information I shall advise you and if the facts justify such course I shall make claim before you on behalf of this wife and mother either or both. If the facts do not justify such course I shall not proceed and shall so advise you. In the meantime I should like to have all rights or possible rights protected."

Thereafter and on December 29, 1922, Ada Berkeley and George William Berkeley, of Standardville, Utah, claiming to be the wife and minor son respectively of deceased, made formal application for compensation. Notice of the filing of the claim of Ada Berkeley et al., and the time of hearing

thereon, was duly given to W. T. Gunter, attorney, and he was requested to be present at the hearing should he "have anything to introduce supporting your claim of a dependent mother and lawful wife of the decedent in the old country."

A further communication dated January 24, 1923, was addressed by the Commission to Mrs. Milka Brklacic, at her address in Jugo-Slavia, fully stating the circumstances of the situation and requiring her to file a claim on or before October 26, 1923. A copy of this letter was mailed to W. T. Gunter, her attorney.

Two hearings were conducted by the Commission, of both of which previous notice was given to W. T. Gunter, then acting as attorney for the alleged foreign dependents. The first hearing on January 23, 1923, was confined to matters of deceased's employment and wages, the circumstances of his death, and the expenses of his burial, with no inquiry as to his dependents. At the second hearing on April 17, 1923, evidence was received in support of the dependency of Ada Berkeley, alleged wife, and George William Berkeley, alleged minor son of deceased. At the conclusion of this hearing it was announced that the decision would be held in abeyance "until other parties do or do not present their claim."

On July 28, 1923, the Commission received the following letter:

"Thursday, July 26, 1923.

"Mr. Mike Ruby, P. O. Box 76, Murray, Utah—In the matter of George William Berkeley, a minor and Ada Berkeley (wife), guardian against the Standard Coal Company, now pending before the Industrial Commission of Utah, as case No. 773, over the death of George J. Berkeley, wherein I gave notice I might file a claim for a part of the allowance on behalf of the wife of deceased living in Jugo-Slavia. I feel we have no right to delay the Commission or other claimants in the matter any longer and I cannot do so and it is not right that we delay the matter any longer. The Commission might justly take the position we are trifling with it.

"So far as I am concerned I shall give no more attention to the matter and the Commission may proceed to make any award it may deem just.

"I am quite sure that you have acted in the best of faith as have

I, but the wife in the old country has not done her part. She should not complain of your acts or mine.

"I shall mail a copy of this letter to the Commission that they may know you and I shall take no further action in the matter. .

"Very truly yours,          W. T. GUNTER."

On October 31, 1923, the Commission made and rendered its decision awarding compensation to Ada Berkeley, for the benefit of herself and for George William Berkeley, a minor child, and for an unborn child, in the sum of $16 per week for a period of not to exceed 312 weeks, etc. The decision made no reference to the claim of plaintiffs. A copy of the decision was served on W. T. Gunter on November 1, 1923.

On November 30, 1923, the employer, Standard Coal Company, filed its petition for a rehearing, upon the grounds that Ada Berkeley was not a dependent and that the claims of the alleged wife and mother in Jugo-Slavia had not been determined. The petition for rehearing was denied on December 7, 1923.

No writ of review to inquire into or determine the lawfulness of the award made by the Commission was applied for within the time limited by law therefor (Comp. Laws Utah 1917, § 3148, as amended by chapter 67, Laws Utah 1921) or at all.

On March 17, 1924, the plaintiffs here presented a petition entitled "Claim No. 773, before the Industrial Commission of the State of Utah. In the matter of Ada Berkeley, as widow and as guardian of the Person and Estate of George William Berkeley, minor child of George Berkeley, deceased (true name George Brklacic), and the unborn child, Applicant, v. Standard Coal Company, Defendant," alleging the relationship and dependency of petitioners on deceased at the time of his death, that their rights had never been heard or adjudicated, and requested and demanded that the petition be filed, set down for hearing and heard, and that upon the hearing an award of compensation be made to petitioners. The Industrial Commission declined to recognize or entertain the petition, for the reason, as stated by the Commission, "that we have lost jurisdiction in this cause."

In support of the relief sought herein by the plaintiffs, it is

argued that Mr. W. T. Gunter had authority to act as attorney for the plaintiffs and that his first letter to the Commission constituted a sufficient application to give the Commission jurisdiction of the plaintiffs' claim. For the purposes of this decision we assume both propositions.

It is contended that the notices given to Mr. Gunter and the hearings had, as heretofore set forth, related exclusively to the application of the local claimants; that no notice was ever given of the hearing of the plaintiffs' claim, no hearing ever had, and no determination of it ever made, and that it is still pending and undetermined.

The several notices of hearing, served on Mr. Gunter, were entitled "Claim No. 773, Ada Berkeley et al. v. Standard Coal Company." It is urged that this fact limited the legal effect of the notices of hearing to the particular claim described in the title, and that the documents served were not notices of the hearing of the plaintiffs' claim. This contention is wholly insupportable. The title of a proceeding is a mere convenience, and does not of itself limit the scope of the proceeding. From the nature of this proceeding it was properly conducted as a single proceeding, under one number and title. And the record abundantly shows that the plaintiffs so understood and regarded it. In his letter of July 26, 1923, Mr. Gunter identified the proceeding by reference to the number and title above quoted, and the petition presented on March 17, 1924, by plaintiffs, upon which this proceeding is based, bore the same number and title, under which the whole proceeding was had. Besides this, the formal notice of the first hearing served on plaintiffs' attorney was accompanied by the following direction in writing:

"It is requested that you be present at the time and place designated should you have anything to introduce supporting your claim of a dependent mother and lawful wife of the decedent in the old country."

The decision of the Commission omitted all reference to the plaintiffs' claim. A negative finding of the plaintiffs' claim might well have been made, under the record. The plaintiffs had ample opportunity to submit proofs of their claim, and not only neglected to do so, but stated

through their attorney that they would "take no further action in the matter" and that "the Commission may proceed to make any award it may deem just."

Under these circumstances, the failure of the Commission to expressly find against the plaintiffs' claim did not invalidate the award of the Commission or leave the plaintiffs' claim undetermined. The record and proceedings were such that the award of the whole compensation allowed by law, to Ada Berkeley, etc., was itself an adjudication against the claim of plaintiffs. And the only remedy available to plaintiffs was an application to this court for a writ of review, within the time limited by section 3148, Comp. Laws Utah 1917, as amended by chapter 67, Laws Utah 1921.

It is further contended that the Commission should now be required to entertain and determine the plaintiffs' claim by virtue of Comp. Laws Utah 1917, § 3144, which is as follows:

"The powers and jurisdiction of the Commission over each case shall be continuing and it may from time to time make such modification or change with respect to former findings or orders with respect thereto as in its opinion may be justified."

This section was not intended to authorize the Commission to resume jurisdiction of a case that has been already determined, unless there has been some change or new development not previously known. *Salt Lake City* v. *Ind. Comm.*, 61 Utah, 514, 215 Pac. 1047. The case at bar presents no reason whatever for invoking the continuing jurisdiction of the Commission.

For the reasons stated the alternative writ heretofore issued is quashed and the proceedings dismissed. Defendants to recover costs.

WEBER, C. J., and GIDEON, THURMAN, and FRICK, JJ., concur.