# HELEDAKIS v. INDUSTRIAL COMMISSION OF UTAH, et al.

### No. 4348.  Decided March 25, 1926.  (245 P. 334.)

1. MASTER AND SERVANT—APPLICATION FOR WRIT OF REVIEW MUST
   BE MADE WITHIN 30 DAYS FROM DATE OF ORDER AWARDING OR
   DENYING COMPENSATION ON REHEARING, REGARDLESS OF NOTICE
   (COMP. LAWS 1917, § 3148, AS AMENDED BY LAWS 1921, C. 67).
   Application to Supreme Court under Industrial Act (Comp.
   Laws 1917, § 3148, as amended by Laws 1921, c. 67), for writ
   of review, must be made within 30 days from date of order
   awarding or denying compensation on rehearing, regardless of
   whether formal notice was given to parties aggrieved.[1]

2. MASTER AND SERVANT—FILING OF WRIT OF REVIEW TO REVIEW
   DECISION OF INDUSTRIAL COMMISSION HELD NOT TO GIVE SU-
   PREME COURT JURISDICTION, WHERE FILED MORE THAN 30 DAYS
   AFTER DECISION (COMP. LAWS 1917, § 3148, AS AMENDED BY LAWS
   1921, C. 67).  Filing in Supreme Court of writ of review to
   review decision of Industrial Commission on rehearing *held*
   not to give Supreme Court jurisdiction to entertain writ, where
   it was filed more than 30 days after decision under Comp.
   Laws 1917, § 3148, as amended by Laws 1921, c. 67.

3. MASTER AND SERVANT—RECORD HELD CONCLUSIVELY TO SHOW
   APPLICANT FOR WRIT OF REVIEW AND HIS ATTORNEY HAD NOTICE
   OF DECISION OF INDUSTRIAL COMMISSION (COMP. LAWS 1917,
   § 3148, AS AMENDED BY LAWS 1921, C. 67).  Record *held* con-
   clusively to show that applicant for writ of review and his
   attorney had notice, within Comp. Laws 1917, § 3148, as amended
   by Laws 1921, c. 67, of decision of Industrial Commission, on
   rehearing, within 30 days from date of its decision.

---

[1] *Salt Lake City* v. *Industrial Commission*, 215 P. 1047, 61 Utah
514; *State Insurance Fund* v. *Industrial Commission*, 217 P. 249,
61 Utah 579; *Ferguson* v. *Industrial Commission*, 221 P. 1099, 63
Utah 112.

Corpus Juris-Cyc. References:

[1]  Workmen's Compensation Acts, C. J., p. 120, n. 13 New,
15 New.

[2]  Workmen's Compensation Acts, C. J., p. 120, n. 15 New.

[3]  Workmen's Compensation Acts, C. J., p. 120, n. 15 New.

Application by A. E. Heledakis for writ of review against the Industrial Commission and others. On defendants' motion to dismiss.

MOTION SUSTAINED.

*N. J. Cotro-Manes* and *C. E. Norton,* both of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *Bagley, Judd & Ray,* of Salt Lake City, for defendants.

THURMAN, J.

Plaintiff, an employee of the defendant Utah Apex Mining Company, within the provisions of the Utah Industrial Act (Comp. Laws 1917, §§ 3061-3165, as amended), on January 19, 1925, was injured as the result of an accident in the course of his employment. He was paid by the defendant Ætna Life Insurance Company, the insurance carrier, the sum of $16 per week, until April 6, 1925, at which time the company ceased payments, claiming that plaintiff was able to resume work, and that he was not permanently injured. Plaintiff being dissatisfied with the company's refusal to continue payments, on May 8, 1925, filed an application with the commission for further compensation. A hearing was had upon said application June 15, 1925, and on July 28 next following the commission entered an order denying compensation. On August 14, 1925, on application duly made, an order was entered granting a rehearing, and on September 23d the rehearing was had. On October 5th next following the commission entered an order adhering to its first decision denying compensation. A petition for a writ of review was filed in the office of the clerk of this court November 27, 1925.

The attorney for the applicant insists that no notice of the decision on rehearing was received by him, or the applicant, until more than 30 days had expired after the decision was rendered. On the other hand, the record contains the affidavit

of the secretary of the commission to the effect that she mailed notice to the applicant at his last known address, the Plaza Hotel, Salt Lake City, before the 30 days expired, and the record further shows that both the applicant and his attorney appeared at the office of the commission before the expiration of the 30 days and examined the records of the case.

On November 10, 1925, the commission received notice from applicant's attorney that applicant had not received notice of the decision, and asking for a rehearing of the case. The commission informed him by letter that it had no jurisdiction to grant a rehearing.

Defendants move to dismiss this proceeding on the ground that the court is without jurisdiction to hear and determine the case on its merits.

It appears from the record, which we have briefly summarized as to the various steps taken in the case, that the application for a writ of review was not filed in this court until November 27, 1925, or 53 days after the commission rendered its decision on rehearing.

The statute, Comp. Laws Utah 1917, § 3148, as amended in Sess. Laws 1921, at page 165, reads:

"3148 (a) Within thirty days after the application for a rehearing is denied, or, if the application is granted, within thirty days after the rendition of the decision on the rehearing, any party affected thereby, including the state insurance fund, may apply to the Supreme Court of this state for a writ of certiorari or review (hereinafter referred to as a writ of review) for the purpose of having the lawfulness of the original award or the award on rehearing inquired into and determined."

This statute has been heretofore construed by this court to be mandatory as limiting the time within which an aggrieved party, under the Industrial Act, may apply to this court for the character of relief prayed for in the instant case. *Salt Lake City* v. *Ind. Comm.*, 215 P. 1047, 61 Utah 514; *State Insurance Fund* v. *Ind. Comm.*, 217 P. 249, 61 Utah 579; *Ferguson* v. *Ind. Comm.*, 221 P. 1099, 63 Utah 112. These cases unqualifiedly establish the rule in this jurisdiction that an application to this court under the Industrial Act, for a writ of review, must

be made within 30 days from the date of the order awarding or denying compensation on a rehearing of the case. Furthermore, in our opinion such application must be made within that time, regardless of whether or not formal notice of the decision is given to the party aggrieved. The statute above quoted is analogous in principle to the statute providing for appeal to this court in civil cases from a final judgment of the district court. The appeal in such cases must be taken within 6 months from the entry of the judgment, whether the appellant has notice of the judgment or not. We see no reason for a different interpretation of the statute in question here. Our only justification for going further than to merely cite the above cases is the fact that here the plaintiff claims he had no notice of the decision until after the 30 days had expired. While we are of the opinion that, even if that were true, it would not aid the plaintiff for the reasons already stated, yet in justice to the commission it is fair to say the court is of opinion that it appears conclusively from the record that both applicant and his attorney had notice of the decision.

For the reason stated, the motion to dismiss is sustained.

GIDEON, C. J., and FRICK, CHERRY, and STRAUP, JJ., concur.