HARTFORD ACCIDENT & INDEMNITY CO. et al. v. MILLER et al.

No. 4427. Decided Sept. 3, 1926. (249 P. 249.)

*Young, Boyle & Moyle,* of Salt Lake City for plaintiffs.

*Harvey H. Cluff,* Atty Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

CHERRY, J.

On November 19, 1923, Louis A. Miller sustained accidental injuries in the course of his employment by Bennett Glass & Paint Company of whom the plaintiff Hartford Accident & Indemnity Company was the insurance carrier. Miller was partially disabled, and made application to the Industrial Commission for compensation to be paid by the employer and its insurer. The application was resisted mainly upon the ground that the employee's disability was not caused by the accidental injuries sustained. After a hearing at which much conflicting evidence upon the question in dispute was presented, the Industrial Commission found, among other necessary facts, that the injuries sustained were the cause of the employee's disability, and awarded him compensation therefor. The award was reviewed in this court and affirmed August 25, 1924. *Hartford A. & I. Co. v. Industrial Comm.,* 64 Utah, 176, 228 P. 753.

On February 10, 1926, a petition on behalf of the employer and its insurer was presented to the Industrial Commission, praying for a "new hearing" of the matter "for the taking of evidence obtained by defendants since the date of the original hearing and defendant's petition for rehearing, which said evidence was not obtainable upon either of said hearings or either of said times." The petition set forth that

the evidence desired to be submitted "is material, relevant, and competent evidence pertaining directly and substantially to the question of the rights of the applicant herein to receive further compensation," and "is largely the result of scientific investigations held and scientific data published subsequent to the date of the commission's original decision herein." Attached to and as a part of the petition were several affidavits to the general effect that the best and latest medical opinion is that the injuries sustained by the employee were not the cause of his disability.

The petition for a further or new hearing was denied by the commission for lack of jurisdiction, and this proceeding was instituted in this court to review and annul the order, and to require the commission to grant the petition and reopen the case.

Comp. Laws Utah, 1917, § 3144 provides:

"The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto as in its opinion may be justified."

It is contended that, by virtue of this section of the statute, the Industrial Commission was authorized and required to entertain the petition of the plaintiffs and to reopen and rehear the case, upon the showing made.

It has been held by this court that the statute quoted does not authorize the commission to resume jurisdiction of a case once regularly determined, without some change or new development not known at the time of the award. *Salt Lake City v. Ind. Comm.*, 61 Utah, 514, 215 P. 1047; *Brklacic v. Ind. Comm.*, 63 Utah, 582, 227 P. 1036.

In the case at bar, it is not claimed that any change has taken place in the physical condition or earning capacity of the employee; neither is it asserted that the original award of the commission was induced by fraud, or resulted from any mistake of fact. It is merely represented in effect that,

since the original hearing, the knowledge of the medical profession has been increased, and that plaintiffs are now able to present additional expert opinion evidence in support of the claim that the employee's disability did not result from the accident sustained by him. The proceeding is but an application for a rehearing upon the ground of newly discovered evidence, plainly cumulative, made long after the time limited by law therefor has expired. The proposition contended for is against necessary and well settled principles of procedure, and cannot be sustained.

The order of the Industrial Commission complained of is affirmed, with costs.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.