## THOMPSON et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4656.   Decided January 7, 1929.   (273 P. 311.)

*J. H. Wolfe,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., for the Commission.

*H. D. Moyle,* of Salt Lake City, for other defendants.

HANSEN, J.   In this proceeding plaintiffs seek to have this court review an order of the Industrial Commission wherein it refused to grant plaintiffs compensation because of the death of George Thompson as a result of an injury which he received in the course of his employment with the Carbon County Fuel Company. The plaintiff Josie Thompson was the wife of the deceased at the time of his death. Lizzie Phillips is the daughter of the deceased.

The defendants have filed a motion to dismiss the writ of review upon the ground that this court is without jurisdiction to hear and determine the same because the application for the writ was not made within time.

On January 12, 1927, the commission rendered its decision denying plaintiffs compensation. Thereafter plaintiffs filed with the commission an application for a rehearing. On September 15, 1927, the commission denied a rehearing. On October 21, 1927, notice was given counsel for the plaintiffs that the rehearing had been denied. On November 21, 1927, plaintiffs filed their petition with the clerk of this court for a writ of review, and on that date the writ was issued.

Comp. Laws Utah 1917, § 3148, as amended in chapter 63, Laws Utah 1919 (p. 164), so far as material here, provides:

"3148 (a) Within thirty days after the application for a rehearing is denied, or, if the application is granted, within thirty days after the rendition of the decision on the rehearing, any party affected thereby may apply to the Supreme Court of this State for a writ of certiorari or review. * * *"

We take judicial notice of the fact that November 20, 1927, was Sunday, and therefore, under the provisions of Comp. Laws Utah 1917, § 5843, an act performed on November 21, 1927, was within 30 days after October 21, 1927.

The plaintiffs contend that this court has jurisdiction to review the order of the commission because the writ of review issued within 30 days after notice was given of the commission's order denying the application for rehearing. In support of such contention two affidavits have been filed. One of the affidavits is by one of the members of the Industrial Commission. In that affidavit the commissioner avers, in substance, that it has been the uniform custom of the commission to give notice of its decisions. The former attorney for plaintiffs makes the other affidavit. In that affidavit it is, in substance, averred that he called upon the Industrial Commission of Utah just prior to August 27, 1927; that at that time he had a personal conversation with one of the members of the commission; that at that time the commissioner informed deponent that the commission always gave notice of its decisions and that deponent need not take any further steps in the matter of the proceedings of the plaintiffs herein until he received notice of the commission's decision; that deponent relied upon such statement of the commissioner and did not learn of the order of the commission denying the application for rehearing until he received notice dated October 21, 1927. It will thus be seen that the facts in this proceeding are very similar to the facts in the case of *Utah Fuel Co.* v. *Industrial Commission and Clyde Parry,* recently decided by this court, 273 P. 306.

The rule announced in the Parry Case is controlling in this case. The writ of review issued in this case is dismissed.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.