## CARTER v. INDUSTRIAL COMMISSION.

No. 5019. Decided August 5, 1930. (290 P. 776.)

*Willard Hanson,* of Salt Lake City, for plaintiff.

*Geo. P. Parker,* Atty. Gen., and *Bagley, Judd & Ray,* of Salt Lake City, for defendant.

STRAUP, J.

This is an application for a writ of mandamus to require the Industrial Commission to hear a cause alleged to be pending before it and which it refuses to hear. In the petition for the writ it in substance is alleged that Carter, the petitioner, on May 13, 1928, and prior thereto in Wasatch county was in the employ of the Cedar Construction Com-

pany whose insurance liability under the industrial act was carried by the state and payable out of the state insurance fund managed and controlled by the Industrial Commision. On the day stated and while in the employ of the construction company and in the course of his employment, Carter received an injury to his eyes which, as he alleged, resulted in almost total blindness. The accident and injury were reported and medical and surgical aid furnished him.

On August 2, 1928, he, as in such case by the industrial act made and provided, applied to the commission for compensation on account of the injury. A partial hearing was had on May 4, 1929, and the further hearing postponed to August 5, 1929, when further and additional evidence was adduced. On September 18, 1929, the commission made an order denying the applicant compensation. It found that while the applicant in the course of his employment was feeding a mixture of alfalfa and timothy hay to horses, a gust of wind blew a mixture of hay and dust in his eyes and that others assisted him in an attempt to remove the particles from his eyes; that he continued with his work until June 16, 1928, when he consulted and was examined by two eye specialists and was treated for an acute inflammation of his eyes. The commissioner further found that "symptoms peculiar to the existence of an exopthalmic goiter or a tumor at the base of the brain manifested themselves at an early date subsequent to May 13, 1928. The applicant's condition grew worse and medical aid was procured in Salt Lake City with a long period of treatment including a thyroidectomy," and notwithstanding "the applicant had been examined and treated by fourteen different physicians and surgeons, his condition grew worse until the time of the last hearing when he was found to be almost totally blind." It further found that none of the "eye specialists" was of the opinion that the applicant's disability was the result of the accident complained of. No finding was made that the applicant prior to the alleged accident had any ailment or affliction of any kind or had any trouble with his eyes or sight. The symp-

toms, so learnedly in medical and surgical lore characterized by the commission, were found to have manifested themselves after the alleged accident.

On November 4, 1929, the applicant in due time filed with the commission a petition for a rehearing. The rehearing was granted and a further hearing had on November 25, 1929, when the matter was taken under advisement. On February 4, 1930, the commission reaffirmed its prior order denying compensation. Within twenty days thereafter, and on February 24, 1930, when additional or other counsel were procured by the applicant, another application "for a further hearing and reopening of said case and a reconsideration of the same, together with affidavits showing that the petitioner was entitled to compensation and that the condition of his eyes was due wholly and solely to the alleged accident and injury occurring in May, 1928," were filed with the commission. The commission, in granting a further hearing or rehearing, over the objection of the construction company and of the state insurance fund (administered and controlled by the commission), stated that it was doubtful whether it had authority to grant the application, "but in view of the nature of the evidence alleged to exist in said petition for rehearing and which has not heretofore been presented and which it is alleged will be produced if an opportunity is given so to do, it is willing, if possible to the end that all parties concerned may present any further pertinent and competent evidence in this case, if given opportunity to do so, to give such opportunity, provided it has power and jurisdiction so to do, but as to which power it has doubt by reason of a construction placed upon the Industrial Act by the Supreme Court of the State of Utah, which appears to limit the powers of the Commission relative to its taking further testimony and having further rehearings, after one rehearing has already been had and acted upon, upon petition of the same applicant or any other applicant" and "in view of the foregoing and in the interest of meting out even justice to all parties concerned," and of "the cir-

cumstances existing in this case," the commission, on March 6, 1930, granted the application for a rehearing of the cause. At that time, had the commission denied the application for a rehearing, the applicant still was within time, under the provisions of Comp. Laws Utah 1917, § 3061 et seq., as amended by Session Laws Utah 1919, c. 63, to apply to this court for a writ of review to review the whole of the proceedings denying compensation on the original hearing and one the first rehearing of the cause.

After the second rehearing or further hearing on March 6, 1930, was granted, the applicant on March 22, 1930, filed a written request with the commission that it fix a time and place for such further hearing, but the commission, on March 26, 1930 (and after the time had expired in which under the statute the applicant could have applied to this court for a review of any of the proceedings had in the cause), refused to fix any time or to hear any further evidence or proceedings, on the stated ground that it was without jurisdiction to grant the second petition for a rehearing or further hearing, and thus its order, made on March 6, 1930, granting the rehearing or further hearing, was unauthorized and void. Hence, the petitioner applied to this court for a writ of mandate to require the commission to fix a time and place to further hear the cause in accordance with its order made on March 6, 1930.

The facts alleged in the petition and as heretofore stated are not controverted. The commission firstly urges that if it had jurisdiction to grant the second rehearing, it was within its discretion to grant or not grant it and thereafter to revoke whatever order was made by it in such respect likewise was within its discretion, that a remedy by appeal or review was available the applicant to have reviewed the order made on the first rehearing denying compensation, and hence mandamus will not lie; and secondly the commission urges that it was without jurisdiction to entertain or grant an application for a second rehearing, and thus its order granting it was void, and hence the commission was justified

in refusing to fix a time or to entertain any further proceedings in the cause.

We think the determining factor involves the question of whether the applicant had the legal right to apply for a further hearing, whether it be called an application for a second rehearing or for a further or another hearing, and the power or authority of the commission to entertain the application. If the applicant had such right, and if properly pursued by him, his time in which to seek a review would not begin to run until after a determination of his application or motion for a further or another hearing. In such respect the filing of an application or motion for a rehearing is analogous to the filing of a motion for a new trial under the Code of Civil Procedure. If none is filed, the time for an appeal runs from the entry of the judgment. If one is filed, the time does not begin to run until the motion is disposed of, for until then the judgment is not final.

The only provisions of the industrial act relating to the subject are section 3148—a, Comp. Laws Utah 1917, as added by chapter 63, Session Laws 1919, that, "within thirty days after application for a rehearing is denied, or, if the application is granted, within thirty days after the rendition of the decision on the rehearing, any party affected thereby may apply to the Supreme Court of this State for a writ of certiorari or review (hereinafter referred to as a writ of review) for the purpose of having the lawfulness of the original award or the award on rehearing inquired into and determined"; and section 3144, Comp. Laws Utah 1917, that, "the powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto as in its opinion may be justified."

No other provision is made by the statute with respect to an application or a motion for a rehearing or within what time such an application or motion is required to be made. Section 3148—a and 3144 were considered by this court in

the case of *Salt Lake City* v. *Industrial Commission*, 61 Utah 514, 215 P. 1047. There the employee filed an application for compensation in May, 1922. A hearing on merits was had before the commission, and on June 17, 1922, compensation was awarded. The employer, Salt Lake City, on August 1, 1922, filed an application for a rehearing which on the same day was granted, on the same day the rehearing heard, and on the same day the prior order making the award set aside and an order made denying compensation. On September 6, 1922, the employee filed an application for another hearing. The city objected thereto, claiming that the commission was without jurisdiction to entertain the application or to grant a further hearing. The objection was overruled, the rehearing granted and heard, and on December 2, 1922, the commission set aside its order of August 1st denying compensation and reinstated the former order of June 17th awarding compensation. The city filed an application for a rehearing which was denied. On a review of the proceedings by this court, the holding was that the commission was without authority to entertain the application for the further hearing filed September 6th, or to set aside the order of August 1st denying compensation and reinstating the order of June 17th; that the action so taken by the commission was not authorized under section 3144 conferring a continuing jurisdiction on the commission; and that the only remedy open to the applicant was to appeal from the order of August 1st granting the rehearing and denying compensation.

That holding was followed in the case of *State Insurance Fund* v. *Industrial Commission*, 61 Utah 579, 217 P. 249. Such holding was also followed in the case of *Ferguson* v. *Industrial Commission*, 63 Utah 112, 221 P. 1099. There the employee filed an application for compensation February 21, 1920. A hearing on merits was had and compensation denied March 25, 1920. On April 28, 1922, a petition for a rehearing was filed which was denied May 8, 1922. On September 10, 1922, a second petition for rehearing was filed which was granted, but which on a further hearing on

October 31, 1922, was dismissed. Within thirty days from the last order a writ of review was appplied for and granted. On a review of the proceedings this court held that "the first petition for rehearing having been denied on May 8, 1922, the jurisdiction of the industrial commission ceased. It was then incumbent upon the applicant to apply to this court within thirty days for a writ of review or to abide by the decision," and that the proceedings subsequent to May 8, 1922, were without legal authority. Not anything was said as to the time in which the first application was filed.

In the case of *Brklacic* v. *Industrial Commission,* 63 Utah 582, 227 P. 1036, 1038, this court again, referring to section 3144, said that "this section was not intended to authorize the commission to resume jurisdiction of a case that has been already determined, unless there has been some change or new development not previously known."

In the case of *Hartford Accident & Indemnity Co.* v. *Miller,* 68 Utah 71, 249 P. 249, an award of compensation was made, a rehearing denied, and on a review of the proceedings by this court the award was affirmed. Thereafter, the employer petitioned the commission for a new or further hearing to present new evidence, which, as it was alleged, the employer discovered after the rehearing was denied and which was not obtainable on such or on the original hearing, and thus asked the commission that the case be reopened in order to adduce such evidence. The application was made, as was contended, in pursuance of section 3144. The commission denied the petition to reopen the case. Upon a review by this court, and in referring to section 3144, it again held that the statute "does not authorize the commission to resume jurisdiction of a case once regularly determined, without some change or new development not known at the time of the award," and that "the proceeding is but an application for a rehearing upon the ground of newly discovered evidence, plainly cumulative, made long after the time limited by law therefor has expired," and thus affirmed the ruling of the commission.

In the case of *Heledakis* v. *Industrial Commission,* 66 Utah 608, 246 P. 334, the employee was injured January 19, 1925. The insurance carrier paid him compensation until April 6, 1925, when it refused to pay more. Thereupon the employee on May 8, 1925, filed an application with the commission for further or additional compensation. A hearing was had June 15, 1925, and on July 28, 1925, the commission denied further compensation. On an application therefor, a rehearing was granted August 14, 1925, and a rehearing had on September 23, 1925. On October 5, 1925, the commission entered an order adhering to its first decision of July 28 denying compensation. On November 25, 1925, the employee applied to this court for a writ of review. On a motion to dismiss the writ, this court held that inasmuch as the employee had not applied for the writ within thirty days after the decision on rehearing on October 5, 1925, and as by section 3148—a provided, this court was without jurisdiction to entertain the application for review and hence dismissed the writ. That holding was followed in the cases of *Utah Fuel Co.* v. *Industrial Commission* (Utah) 273 P. 306, and *Thompson* v. *Industrial Commission* (Utah) 273 P. 311.

Such cases proceed on the theory that where a rehearing was applied for and denied, or granted, and on a rehearing the original order was adhered to or reaffirmed, the jurisdiction of the commission to grant further rehearings ceased and that the commission was without authority to grant further hearings under section 3144, conferring a continuing jurisdiction on the commission, except on averments and a showing of a changed condition or new developments not previously known.

In the case of *Continental Casualty Co.* v. *Industrial Commission* (Utah) 260 P. 279, 282, Vukovich, the employee, was injured March 13, 1924. The injury consisted of a fracture of the lumbar vertebrae. He was given surgical and medical attention by the employer. A Hibbs operation was performed July 24, 1924, to ankylose or solidify and hold in

place the fractured vertebrae. For a time the employee was paid compensation by the insurance carrier for his disability at the rate of $16 a week. Upon the carrier's refusal to pay more, the employee on April 24, 1925, applied to the commission for further or additional compensation. On hearings had the medical advisory committee of the commission and other physicians advised the commission that as a result of the operation a solidification and rigidity of the vertebrae had been accomplished. That was disputed by another physician who claimed there was not a complete solidification of all of the vertebrae involved, but that a complete solidification might result in six months or a year longer. The employee claimed he still suffered pain and was unable to do manual labor. As a result of the hearings the commission on June 4, 1925, awarded the applicant further compensation for twenty weeks at $16 a week payable in a lump sum which was paid. The applicant, dissatisfied with the amount awarded, on June 9, 1925, applied to the commission for a further hearing. That, ex parte, was granted, and over the objections of the employer and the insurance carrier, further hearings were had between July 28 and September 23, 1925, and on October 5, 1925, the commission reaffirmed its order of June 4, 1925, and denied further compensation. On April 9, 1926, on another ex parte application on behalf of the employee, a further hearing was granted. Over the objection of the employer and insurance carrier urging that the order of October 5, 1925, was final and that the commission was without jurisdiction to further proceed, the case was heard anew, and on April 26, 1926, the commission again affirmed the order of October 5, 1925, and denied further compensation. In September, 1926, the employee again, without notice and ex parte, applied for and was granted a further hearing which was fixed at October 25, 1926. The employer and insurance carrier again objected to a further hearing on the ground that the commission was without jurisdiction. Such objections were again overruled, and the case heard anew as though it had not theretofore been heard,

and on January 18, 1927, a further award was made for $16 a week for fifty weeks in addition to the award theretofore made. No application was made by the employer or insurance carrier for a rehearing, but on February 16, 1927, they applied to this court and were granted a writ of review to review all of the proceedings in the cause. Because they had not first applied to the commission for a rehearing within twenty days fixed by the commission from the time of its last order in which an application for a rehearing could be made, this court held it was without jurisdiction to review the proceedings, "except for the purpose of determining whether the commission had jurisdiction" to entertain the last application of the employee for and to grant and make the last award for fifty additional weeks at $16 a week. Thus while this court held the commisison had jurisdiction to grant such rehearing and to make such award, yet since the employer and the insurance carrier applied for a writ of review, without first having applied to the commission for a rehearing, the writ was quashed and the award made by the commission affirmed. In that case the commission claimed it had the power and authority to grant the last hearing and make the award on January 16, 1927, for the reason stated in its findings, that on the prior hearings it had denied further compensation on the assumption that the Hibbs operation had or would produce the desired solidification or ankyloses of the vertebrae, but that at the last hearing the commission was of the opinion that complete solidification or ankyloses had not been accomplished, notwithstanding a half dozen physicians and surgeons testified, as they had at the prior hearings, that such solidification had resulted, and one physician that it had not been fully accomplished, though as he testified the condition of the applicant at the last hearing, if anything, had improved, which the commission conveniently called, "a changed condition"—but, as a matter of fact and as otherwise found by the commission, the condition of the applicant had not changed but remained the same—and thus the additional award was granted. But this

court did not take the view that there was a changed condition. It said this:

> "Now if no change resulted and his [the employee's] condition remained the same at the end of the 20 weeks, upon what theory can it be contended that the applicant is not entitled to further compensation? If his condition was such when the first award was made that he was unable to work, and his condition was the same when he made the last application, to what end was section 3144 enacted, if not to give relief in a case of this kind? We should bear in mind, in considering this case, that, when the first award was made, it was on the assumption that the Hibbs operation would accomplish its purpose, that the joints of the vertebrae in the field of the operation would unite, become a solid bone, and that the applicant, although hampered more or less by a stiff back would nevertheless be comparatively free from pain. The commission on the last hearing found that such was not the result and that his disability still continued. In other words, there was still a disability for which additional compensation should be allowed."

Based upon this decision, the case of *Aetna Life Insurance Co.* v. *Industrial Commission* (Utah) 274 P. 139, 143, was ruled. There, the employee was injured April 9, 1924. He was paid compensation by the insurance carrier until July 3, 1925, when it refused to pay more. The employee applied to the commission for a hearing and for further compensation. The commission on a hearing ordered that he be paid additional compensation for thirty weeks at the rate of $16 a week which was paid. In February, 1926, the employee applied to the commission for a further hearing and for further compensation. A rehearing was granted, and on July 19, 1926, over the objection of the employer and the insurance carrier, a further hearing was had and a further award made for seventy weeks at $16 a week. On December 15, 1927, the employee upon his application was granted a still further hearing over the objection of the employer and the insurance carrier, a further hearing was had, and the employee granted an additional compensation at $16 a week, not to exceed 100 weeks. The employer and insurance carrier asked for a rehearing, which was denied. They thereupon

applied and were granted a writ of review. As stated by this court, the employer and the insurance carrier relied "mainly on the fact that the evidence showed no change in Mileusnic's [the employee's] condition between the first and last award. Assuming that to be true, it does not sustain plaintiff's contention that the award for that amount is invalid and should be set aside." With respect thereto this court further observed that:

"The idea apparently prevalent among many members of the bar that there must be some change for the worse in the condition of an applicant after an award is made to authorize further proceeding by the commission in his behalf, not only finds no support in reason, but none whatever in the statute [section 3144] which continues the jurisdiction of the commission in each case."

This court further approvingly quoted from the opinion in the case of *Bartlett Hayward Co.* v. *Industrial Accident Commission*, 203 Cal. 522, 265 P. 195, where, under the California statute, which this court stated was similar to our statute, it was held that, "the power of the Industrial Accident Commission as to its continuing jurisdiction is not limited to consideration of changes in physical condition of workmen, but is extended to right to rescind, alter, or amend orders, decisions, or awards on good cause appearing therefor," and that the doctrine of res adjudicata and other common-law doctrines as incorporated in the Code of Civil Procedure was not applicable to industrial cases.

A similar conclusion was reached by this court in the case of *Aetna Life Insurance Co.* v. *Industrial Commission*, 69 Utah 102, 252 P. 567, 569, which was a second review of the Heledakis Case heretofore referred to in 66 Utah 608, 245 P. 334. After a dismissal of the first writ of review on March 25, 1926, because the writ was not applied for within time and the order of the commission affirmed, the employee on May 25, 1926, applied to the commission for a further hearing and for further compensation, and on July 20, 1926, over the objection of the employer and the insurance carrier,

a rehearing was had and the employee granted further and additional compensation. The injury consisted of an injury to the knee. On the original hearing the employee was granted an award. He thereafter applied to the commission for a rehearing and for additional compensation, which was denied. He then applied to this court for and was granted a writ of review, but which was dismissed because not taken in time (66 Utah 608, 245 P. 334). About two months after that, the employee again applied to the commission for a rehearing and was granted additional compensation. It was the contention of the employer and of the insurance carrier that the commission then was without jurisdiction to grant a further hearing or to make a further award for the same injury. They thus applied to this court for and were granted a writ of review. The holding of this court was that the commission under section 3144 had jurisdiction and hence the award for additional compensation was affirmed. Such holding was put upon the ground that the commission under that section had a wide discretion in the exercise of its continuing jurisdiction conferred upon it, and that "this continuing jurisdiction and latitude was no doubt given for the express purpose suggested," in the case of *Salt Lake City* v. *Industrial Commission,* supra, "to avoid the making of excessive or inadequate awards in doubtful and complicated cases, and, if such should occur, and the evidence warrants it, that the commission had adequate power to correct the same." It was there further considered that after the first award was made and the dismissal of the writ on the first review and the award affirmed, a further operation was performed on the employee's knee when it was "discovered" that the employee suffered "a prepatellar bursitis," which condition was not discovered or disclosed when the first award was made, and hence the commission was authorized to make a further award from "the discovery" of such condition of the applicant's injury.

These cases proceed on the theory that where an award is made and though applications on behalf of the employee for a

rehearing or further hearings for additional compensation have been denied, yet, if it thereafter is made to appear to the satisfaction of the commission that the award as made was inadequate, or that the disability of the employee on account of his injury continued, the commission under section 3144 is authorized to grant and hear further hearings and make additional awards of compensation, not only on the theory of changed conditions or new developments arising subsequent to the making of the original award, but also if made to appear that the prior award was inadequate or the disability of the employee continued after the period for which the original award was made, and that the doctrine or res adjudicata has no application to industrial cases. There were dissents to each of the last three cited cases. They were unavailing then and must be considered unavailing now.

In the case in hand the commission took the view that having heard the case on merits and having granted the applicant a rehearing and having further heard the cause and reaffirmed its prior order, its jurisdiction in the case ceased to grant further hearings and hence considered that the second hearing granted by it was without authority and was void. Such conclusion seemingly was based and is defended under section 3148—a and upon rulings claimed to have been made in the case of *Salt Lake City* v. *Industrial Commission,* supra, where, on a hearing on merits, an award was made which on a rehearing granted on the application of the employer was set aside, but which thereafter on a rehearing granted on the application of the employee was reinstated. In the *Vukovich Case (Continental Casualty Co.* v. *Industrial Comm.)* 260 P. 279, an award was made on a hearing on merits. On the employee's application a rehearing was granted, and on the rehearing on merits the original award was affirmed. Six months thereafter and on the employee's application, a further hearing on merits was had and further compensation again

denied. Five or six months thereafter, again on the employee's application, a rehearing or further hearing on merits was granted and on such hearing further and additional compensation was awarded. There, entertaining applications for and granting successive rehearings each time rehearing and trying the case on merits was not considered an infringement of the commission's jurisdiction, nor was it so considered in the Mileusnic Case (*Aetna Life Ins. Co.* v. *Industrial Comm.*) 274 P. 139, nor in the Heledakis Case (*Aetna Life Ins. Co.* v. *Industrial Comm.*, 69 Utah 102, 252 P. 567. The case in hand may not be distinguished from such cases on the theory that in the one no award of compensation was made on either the original hearing or on the rehearing; and in the other cases an award on the original hearing was made. The question of jurisdiction to entertain an application for rehearing is not dependent upon the kind of order made on the original hearing, whether it was one of no compensation or of inadequate compensation. Assuming or refusing jurisdiction to hear and determine presented controversies is not a matter of discretion. If the right to apply for a rehearing exists, the question of permitting or allowing the application therefor to be made and filed is not a matter of discretion; but when the application or motion has been made or filed, the granting or refusing a rehearing or further hearing may be a matter of discretion, depending upon the matters alleged or made to appear as grounds for the rehearing or further hearing. In such respect the matter is analogous to the filing of a motion for a new trial under the Civil Code in a judicial proceeding. If the aggrieved or defeated party has the right to file or make a motion for a new trial, and timely does so, the court is required to entertain the application and to consider the motion, but, depending on what is made to appear, the court is given a sound discretion in determining whether a new trial will or will not be granted. Confessedly the commission had jurisdiction to entertain and consider the first application made by the employee for a rehearing. No point

is made that the application was not timely made. The effect of granting the rehearing, unless otherwise restricted or limited, was to vacate and set aside the prior order or judgment of the commission and try the case anew. Whatever order on such rehearing was made, whether on the same or different conclusions theretofore arrived at, was, in effect, a new order or judgment, again analogous to a judgment rendered on a new or retrial of a cause in a judicial proceeding, against which the aggrieved or defeated party had the right to move or apply for a new trial or rehearing to the same extent as he had against the first order or judgment. Thus when the commission without restriction granted the first rehearing, it in effect set aside and vacated its first order of judgment, and when it on rehearing heard the case anew, the order or judgment rendered by it on the rehearing or retrial became a new order or judgment against which the defeated party had the right, if timely applied for, to move for a new trial or rehearing, and if sufficient grounds therefor were made to appear to warrant the granting of the rehearing, the commission was authorized and justified in granting it otherwise was required to refuse it. That the second application was timely made is sufficiently alleged. No claim is made that the grounds alleged were not sufficient to justify the granting of a rehearing, the claim in such respect being that the commission was without jurisdiction to entertain an application for a second rehearing regardless of alleged grounds. As alleged, the commission was satisfied that sufficient grounds were made to appear to justify the granting of the rehearing and thus granted it. The granting of the rehearing took from the employee whatever right he had to apply to this court for a review for the granting of the rehearing left the cause with no final order or judgment subject to review. The commission at no time set aside or vacated its order granting the rehearing. That order still stands. The commission but refused to fix a time or place for the rehearing or to further proceed in the cause, on the stated ground that the order

made by it granting a rehearing was void. It nevertheless let the order stand. And so stood the case when this writ was applied for, and if it is denied the employee is left remediless to further proceed either in this court or before the commission.

With respect to the matter in hand, the statute is vague and defective. As seen, the only reference to a rehearing is contained in section 3148—a. Neither the time nor the procedure in which a rehearing may be applied for is prescribed. In the case of *Continental Casualty Co.* v. *Industrial Commission,* supra, the holding is that the filing of an application with the commission for a rehearing by the defeated or aggrieved party is a prerequisite to an application to this court for a writ of review. By the industrial act (section 3069) the commission is given power to adopt rules of procedure not inconsistent with the act. What, if any, rules in such respect may have been adopted or prescribed by the commission are not in this proceeding made evident by averments or otherwise, nor may we take judicial notice as to what rules or procedure may have been adopted or prescribed by the commission. As averred, and as shown by a portion of the record of the commission attached to the petition herein, the commission based its refusal alone on a consideration of section 3148 and on the view that a party to a cause had the right to but one application for a rehearing and that the commission was without jurisdiction to grant another, unless upon averments and a showing of a "changed condition," which the commission stated, on its refusal to set a time for the hearing theretofore granted by it, had not been averred or shown. In reaching such conclusion we think the commission failed to give proper effect to its action when it unrestricted granted the first rehearing which, as heretofore stated, in effect, set aside and vacated its order or judgment theretofor made, and that when on the rehearing the cause on merits was reheard, the result reached, though it was the

same as was reached on the original hearing, in effect, became a new and the last order or judgment superseding the former, which gave the defeated or aggrieved party the same right to move against it as he had to move against the displaced former order or judgment. When a case on merits is fully heard and tried by the commission and on due consideration an order is made or judgment rendered on merits, the commission ought not grant a rehearing or further hearing though timely and properly applied for, except on averments or a showing of sufficient grounds or good cause therefor. When such is not reasonably or satisfactorily made to appear, the application for a rehearing or further hearing should be denied. When, however, such is made to appear on a timely application made therefor, and when an unrestricted rehearing of the case on merits is granted, the commission must understand that the order theretofore made or judgment rendered is displaced and vacated and that it then becomes its legal duty to again hear and try the cause anew and make an order or render a judgment in lieu of the displaced former order or judgment. In such case, if it be so advised, it may adopt the prior findings made, if in its judgment they sufficiently reflect all of the material facts as disclosed by the evidence, and make a new order or render a new judgment accordingly, whether it be to the same or different effect than was the first or displaced order or judgment.

We therefore are of the opinion that the defeated or aggrieved party had the same right to move against the last order or judgment rendered on rehearing on merits as he had to move against the first or displaced order or judgment and inasmuch as the commission was satisfied that sufficient cause or grounds were made to appear to require or justify the granting of a rehearing and having granted it and thereby in effect set aside its former order or judgment, it then became the duty of the commission to fix a time and place and proceed with the rehearing.

The alternative writ is therefore made permanent and the commission directed to so proceed. The plaintiff or petitioner is given his costs herein incurred.

ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.

CHERRY, C. J., concurs in the result.