2011 UT App 212

Denny CARRADINE, Petitioner,

v.

LABOR COMMISSION, Employers' Reinsurance Fund, and Workers' Compensation Fund, Respondents.

No. 20090907–CA.

Court of Appeals of Utah.

June 30, 2011.

---

Shawn W. Potter, Heber City, for Petitioner.

Edwin C. Barnes, Wendy Bowden Crowther, and Robert D. Andreasen, Salt Lake City, for Respondents.

Before Judges ORME, THORNE, and VOROS.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Petitioner Denny Carradine seeks our review of the Labor Commission's order denying his request for reconsideration of its decision affirming an administrative law judge's decision in which the ALJ found that "Petitioner last worked sometime in July 2000." Petitioner argues that he should have had the opportunity to establish that he was last gainfully employed at a much earlier point in time.

### I. Reopening the Hearing

¶ 2 Petitioner argues that because the Commission retains continuing jurisdiction over his claim, the Commission should reopen the hearing to accept "new, more precise" evidence regarding the date on which he was last gainfully employed.[1] We are not persuaded that the Commission abused its discretion when it determined that such evidence constituted an "untimely proffer of evidence" and refused to reopen the hearing.

---

1. The Commission may reopen a claim based on evidence of some "significant change or new development." *Timpanogos Hosp. v. Labor* *Comm'n,* 2011 UT App 106, ¶ 5, 251 P.3d 855 (citation and internal quotation marks omitted).

¶ 3 First, the "new, more precise" evidence contained in Petitioner's affidavit does not justify reopening the hearing. The facts underlying the evidence Petitioner seeks to have the Commission review were known to Petitioner long before he filed his 2005 Application for Hearing. No new evidence has been discovered in this case, nor has any new issue affecting the date on which Petitioner was last gainfully employed arisen since Petitioner filed his Application for Hearing in 2005.

¶ 4 Petitioner seems to suggest, however, that "new evidence" includes evidence that was not previously submitted to the ALJ, even though it was readily available, merely because it was overlooked. In support of this proposition, Petitioner cites to *United Airlines Transport Corp. v. Industrial Commission*, 110 Utah 590, 175 P.2d 752 (1946). In that case, even though evidence of applicable California law had not been introduced at the first hearing, the Utah Supreme Court indicated that it could be introduced at the second hearing before the Industrial Commission. *See id.* at 754. In the instant case, however, during the April 2006 hearing Petitioner himself introduced evidence regarding the date on which he was last employed. And that evidence was more or less consistent with the statement made in his hearing application. Accordingly, insofar as *United Airlines* can be read as endorsing the notion that previously-omitted evidence can constitute a "significant change or new development" for purposes of reopening a hearing, *Timpanogos Hosp. v. Labor Comm'n*, 2011 UT App 106, ¶ 5, 251 P.3d 855 (citation and internal quotation marks omitted), that rationale is not applicable here. Therefore, although the Commission retains continuing jurisdiction over Petitioner's claim, *see* Utah Code Ann. § 34A–2–420(1)(a) (2005), we see no error in the Commission's decision not to reopen the hearing. *See Timpanogos Hosp.*, 2011 UT App 106, ¶ 5, 251 P.3d 855.

¶ 5 Our conclusion that the Commission did not abuse its discretion in refusing to reopen the hearing is reinforced by the fact that Petitioner has had ample opportunity to present the "new, more precise" evidence he contends justifies reopening the hearing. Petitioner argues that because he suffered a seizure during the April 2006 hearing, he has not been able to present testimonial evidence regarding the date on which he was last employed. Although Petitioner may have been unable to testify during that hearing, he nevertheless has had several opportunities to present to the ALJ evidence regarding the date of his last employment. Specifically, Petitioner indicated in his 2005 Application for Hearing that he "was employed until approximately 2001." Were the facts otherwise, he of course should have said so then. Likewise, during the April 2006 hearing, although he was unable to testify directly, his attorney proffered, when asked the date on which the permanent total disability should start, that "the last date [on which Petitioner worked] was July 2000." Moreover, after the ALJ issued an interim order in July 2006 finding that Petitioner last worked in July 2000, Petitioner did not object to this finding, but instead again stated in his re-filed Application for Hearing that he "was employed until approximately 2001." Petitioner has not explained why he failed to use these opportunities to present what he contends is a more accurate estimation of the time period during which he was last gainfully employed.[2]

---

2. Petitioner also contends that although he indicated in his Applications for Hearing that he last worked in approximately 2001 and, through counsel at the April 2006 hearing, that he last worked in July 2000, he has been unable to present evidence regarding the quality of that employment; that is, he has been unable to explain that while he worked until approximately 2001, such work did not constitute "gainful employment." As noted, Petitioner has had several opportunities to present evidence regarding the date on which he was last gainfully employed. Petitioner has not indicated why, during those opportunities, he and his attorney neglected to explain the nature of his employment. Thus, given Petitioner's burden to establish the elements of his claim, *see Martinez v. Media–Paymaster Plus/Church of Jesus Christ of Latter-Day Saints*, 2007 UT 42, ¶¶ 46–55, 164 P.3d 384 (concluding that the employee bears the burden of proving the elements of permanent total disability), we conclude that because he has had ample opportunity to present evidence regarding the date on which he was last gainfully employed, the Commission did not abuse its discretion in refusing to reopen the hearing to receive testimony regarding the nature of the work in which he was employed until "approximately 2001." *See*

Thus, even assuming Petitioner is correct that he was later denied the opportunity to present evidence to the ALJ,[3] he had ample prior opportunity to establish the much earlier date on which he now claims he was last gainfully employed. Accordingly, we are not convinced the Commission erred in refusing to reopen the hearing to receive additional evidence. *See Grace Drilling Co. v. Board of Review,* 776 P.2d 63, 70 (Utah Ct.App.1989) (concluding that the Industrial Commission's refusal to reopen the record was not an abuse of discretion where the employer "had ample opportunity to present its case and failed to meet its burden").

¶ 6 Finally, Petitioner cites to the Utah Administrative Code for the proposition that the ALJ was required to reopen the hearing after his motion for review. *See* Utah Admin. Code R602–2–1(M)(1)(a). We disagree with Petitioner's reading of the Code. The rule at issue provides that the ALJ "shall ... [r]eopen the case and enter a Supplemental Order after ... receiving such further evidence *as may be deemed necessary,*" *see id.* (emphasis added). The "as may be deemed necessary" language indicates that the ALJ has discretion to determine whether the additional evidence offered by Petitioner is necessary to the decision-making process. Here, the ALJ determined that no additional evidence was necessary because Petitioner had already represented to the court that he last worked in approximately July 2000 and failed to object to the ALJ's orders finding the same. Accordingly, we cannot say that the ALJ's refusal to receive additional evidence constituted an abuse of discretion.

*Grace Drilling Co. v. Board of Review,* 776 P.2d 63, 70 (Utah Ct.App.1989).

**3.** Petitioner contends that the ALJ inappropriately denied him the opportunity at the October 2007 hearing to present additional evidence of the date on which he was last gainfully employed based on incorrect interpretations of provisions of the Utah Administrative Procedure Act, *see* Utah Code Ann. § 63G–4–206(1)(a) (2008) (current version of Utah Code Ann. § 63–46b–8(1)(a) (Supp.2007), cited by Petitioner), and the Workers' Compensation Act, *see id.* § 34A–1–303(4)(c)(i) (Supp.2010). We need not analyze whether the ALJ correctly interpreted or applied these statutes because even before the ALJ sent the letter Petitioner contends prevented him

## II.  Substantial Evidence

¶ 7 Petitioner next argues that the "Commission erred in establishing, as a factual matter," that Petitioner last worked in July 2000.[4] We will disturb the Commission's factual finding only if it is "not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G–4–403(4)(g) (2008). Substantial evidence exists where more than a mere scintilla, though something less than the weight of the evidence, supports the Commission's finding. *See Martinez v. Media–Paymaster Plus/Church of Jesus Christ of Latter-Day Saints,* 2007 UT 42, ¶ 35, 164 P.3d 384. Stated differently, an "administrative law decision meets the substantial evidence test when a reasonable mind might accept as adequate the evidence supporting the decision." *Id.* (citation and internal quotation marks omitted). To successfully challenge factual findings of the Commission, "the party challenging the factual findings must marshal all of the evidence and demonstrate that, despite the facts supporting the decision, the 'findings are not supported by substantial evidence.'" *Id.* ¶ 36 (quoting *Grace Drilling Co.,* 776 P.2d at 68).

¶ 8 Here, substantial evidence supports the Commission's decision. Specifically, Petitioner indicated in his 2005 Application for Hearing that he worked until approximately 2001. Additionally, during the April 2006 hearing, although Petitioner himself was not able to testify, Petitioner's counsel proffered that Petitioner last worked in July 2000. Subsequently, the ALJ made an interim find-

from presenting the "new, more precise" evidence at the October 2007 hearing, Petitioner had ample opportunity to present evidence to the ALJ regarding the date of his last gainful employment, but failed to do so.

**4.** The ALJ found, and the Commission affirmed, that Petitioner "last worked sometime in July 2000 and a more precise date was not put into evidence." Petitioner argues that the "more precise date was not put into evidence" portion of the finding is inaccurate because medical reports put into the record contain dates suggesting that Petitioner last worked in either 1988 or 1992. We note, however, that the ALJ's finding is more reasonably interpreted as meaning that no more precise date in July 2000 was put in the record.

ing that Petitioner last worked in July 2000. With notice of this finding, Petitioner again stated in his re-filed Application for Hearing that he worked until approximately 2001. The statements in the Applications for Hearing and Petitioner's counsel's proffer are adequate to support a finding that Petitioner last worked in July 2000.

¶9 Petitioner argues, however, that the finding is "fatally flawed" because the ALJ ignored "two very probative statements" found in medical reports introduced into the record after the April 2006 hearing. We are not convinced that the existence of this evidence represents a fatal flaw in the Commission's decision. Petitioner is essentially asking us to reverse the finding because other evidence might have supported a different finding. Our task on review, however, is not to evaluate the evidence anew, but only to determine whether substantial evidence supports the decision the Commission reached. *See Vial v. Provo City*, 2009 UT App 122, ¶25, 210 P.3d 947. We acknowledge that the statements found in the medical reports may well have supported a finding that Petitioner last worked in either 1988 or 1992.[5] But the finding that Petitioner last worked in July 2000 is also supported by substantial evidence. Accordingly, we will not disturb the Commission's decision.[6]

¶10 In sum, we see no error in the Commission's decision not to reopen the hearing to accept new evidence. We likewise conclude that the Commission's finding with respect to the last date on which Petitioner worked is supported by substantial evidence. Accordingly, we decline to disturb the Commission's decision.[7]

5. Petitioner does not explain why the two statements, which he claims to be so highly probative, fix his last employment at dates that are four years apart.

6. Given that substantial evidence in the record may well support those determinations, we would not likely have disturbed a finding that Petitioner last worked in either 1988 or 1992. But it is worth noting that these references—almost in passing—to Petitioner's employment history, tucked away, as they were, in medical reports dealing in depth with other matters, may

¶11 WE CONCUR: WILLIAM A. THORNE JR. and J. FREDERIC VOROS JR., Judges.

well have been seen by the ALJ or the Commission to be less reliable than Petitioner's own statement in his Applications and the representation of his counsel.

7. Insofar as Petitioner argues that the date of his last employment is essentially irrelevant and it is actually the wholly distinct date on which he was last *gainfully* employed that fixes his entitlement to permanent disability benefits, the argument is raised for the first time in the proceeding before us and, thus, has not been preserved for review.