IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Sonia Ordonez, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120164-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (May 10, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 137 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:    Sonia Ordonez, Salt Lake City, Petitioner Pro Se
              Jaceson R. Maughan, Salt Lake City, for Respondent

-----

Before Judges McHugh, Voros, and Christiansen.

¶1     Sonia Ordonez seeks judicial review of the decision of the Workforce Appeals Board (the Board) denying her unemployment benefits based upon a determination that she was discharged for just cause. *See* Utah Code Ann. § 35A-4-405(2)(a) (2011). Before just cause will be found, an employer must establish culpability, knowledge, and control on the part of the employee. *See* Utah Admin. Code R994-405-202, -203. We do not disturb the Board's decision.

¶2     We disturb the Board's findings of fact only if they are "not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G-4-403(4)(g) (2011). "It is not our role to judge the relative credibility of witnesses." *Albertsons, Inc. v. Department of Emp't Sec.*, 854 P.2d 570, 575 (Utah Ct. App. 1993); *see also Prosper Team, Inc. v. Department of Workforce Servs.*, 2011 UT App 246, ¶ 10, 262 P.3d 462 (deferring to the Board's advantaged position to assess the claimant's

credibility). We will not disturb the Board's application of the law to the facts as long as it is "within the realm of reasonableness and rationality." *EAGALA, Inc. v. Department of Workforce Servs.*, 2007 UT App 43, ¶ 9, 157 P.3d 334 (citation and internal quotation marks omitted).

¶3 In response to Ordonez's increasingly disruptive behavior at work, the Canyons School District (the District) issued a verbal warning on September 22, 2010, advising her of requirements to correct unprofessional, dishonest, and confrontational behavior and to check in with her supervisor when she arrived at work. Despite this warning, she did not correct her behavior. A written warning, dated December 15, 2010, advised Ordonez of continuing problems with her behavior and notified her that she could be discharged if she did not correct the behavior. Ordonez continued to be argumentative and confrontational, and she yelled at her supervisor. As a result, she was placed on probation on February 18, 2011. After a February 24, 2011 confrontation during which she again yelled at her supervisor, Ordonez was placed on paid administrative leave pending an investigation. On March 8, 2011, the employer notified Ordonez that she would be terminated and advised her of her right to an appeals hearing within the District. Ordonez failed to appear at a scheduled hearing. The District terminated her employment on April 7, 2011.

¶4 Ordonez has consistently claimed that the District's witnesses lied about her behavior and that her termination was the result of retaliation for her filing of a discrimination claim or a police report regarding her missing camera. The Board deferred to the credibility finding made by the Administrative Law Judge who conducted the hearing. Furthermore, the Board concluded that there was no evidence supporting a claim that the employer was motivated to discharge her by anything other than her own conduct. The Board concluded that culpability was established because the employer had a legitimate interest in having its employees respect supervisory authority. The evidence demonstrated that Ordonez yelled, refused to follow reasonable directives from her supervisor, and engaged in a pattern of disrespectful behavior. The Board determined that knowledge was established because Ordonez received multiple warnings about her behavior and the probable consequences of continuing that behavior, including termination of her employment. Finally, the Board concluded that Ordonez could control her actions, but she chose to ignore warnings rather than modify her conduct.

¶5     The Board's factual findings are supported by substantial evidence in the record as a whole, and the Board's decision that Ordonez was discharged for just cause based upon the District's establishment of culpability, knowledge, and control by the employee is reasonable and rational.  Accordingly, we do not disturb the Board's decision disqualifying Ordonez from receiving benefits based upon her termination for just cause.

_____
Carolyn B. McHugh,
Presiding Judge

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

_____
Michele M. Christiansen, Judge