IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Rodger D. Nave, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120134-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (June 1, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 156 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:      Rodger D. Nave, West Jordan, Petitioner Pro Se
                Suzan Pixton, Salt Lake City, for Respondent

-----

Before Judges Davis, Thorne, and Roth.

¶1      Rodger D. Nave seeks judicial review of a decision of the Workforce Appeals Board (the Board) denying him unemployment benefits because he voluntarily quit his job without good cause. *See* Utah Code Ann. § 35A-4-405(1) (2011). "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent" and "that an immediate severance of the employment relationship was necessary." Utah Admin. Code R994-405-102. We do not disturb the Board's decision.

¶2      Nave left work on October 5, 2011, and applied for unemployment benefits the same day. Nave testified in a hearing before an Administrative Law Judge (ALJ) that the working environment had been hostile for over a year before he decided to quit. The ALJ asked Nave several times to describe specific incidents that led him to quit. The Board concluded that his complaints were either too remote in time or too vague to

explain the decision to leave work on October 5. Similarly, although Nave complained before the Board that he went home from work every night with a headache due to carbon dioxide levels at work, he testified at the hearing that he had complained to his supervisor about the situation and he no longer had the headaches after March 2011. Because Nave had complained about stress and workload issues, the employer offered him a transfer to another of the employer's locations where he could do the same work at the same pay and rank but the workload would not be as substantial. Nave testified that he did not take this position because the management would be the same at both locations. However, Nave could not explain why accepting a position at the other location would not have solved his problems with the stress of the workload and the alleged belittling he experienced at work.

¶3 The Board concluded that Nave had not met his burden to establish good cause for quitting his employment by demonstrating a hostile work environment. The Board reasoned that the only specific example of allegedly belittling behavior had occurred six months prior to Nave quitting, two of the three people he identified as participants were no longer employed by the company, his complaints were treated seriously by the employer, and he failed to provide the employer with an opportunity to address the concerns. Finally, the Board concluded that after Nave complained about stress from the workload and treatment by other employees, the employer offered to allow him to transfer to a different location where he would not be in contact with the offending co-workers and there would be less stress. The Board concluded that Nave did not act reasonably when he refused the transfer and quit.

¶4 Before this court, Nave complains that the ALJ did not allow him to fully present his reasons for quitting. Specifically, Nave complains that the ALJ did not allow Nave's witness to testify. However, as the ALJ and the Board both determined, the proposed witness was a former employee who had no firsthand knowledge of the events that precipitated Nave's decision to quit in October 2011. Nave also complains that the ALJ cut him off, did not allow him to complete his thoughts, and moved too quickly from topic to topic. However, the ALJ's conduct of the hearing demonstrates that the ALJ's actions that Nave perceived as preventing him for presenting his case were actually an attempt to direct Nave to the facts and evidence that would be relevant to the issues before the ALJ. Nave was not prejudiced in the presentation of his case.

¶5 Before both the Board and this court, Nave has attempted to raise new arguments regarding the grounds for his decision to quit and his reasons for refusing an offer to transfer. For example, he claims for the first time that the transcript of the hearing before the ALJ contains omissions, that he himself took actions to address the

carbon dioxide issues, and that because the volume of customers would have been lower at the other location, his wages would have decreased if he had agreed to transfer. Although Nave was informed in the hearing brochure, in the notice of hearing, and through the ALJ's statements that any evidence must be presented at the hearing and no new evidence would be considered in an appeal to the Board, Nave attempted to introduce new claims and evidence throughout the proceedings before the Board and continues to do so before us. As the Board explained at length in its decision, the time to present all evidence and claims was at the hearing before an ALJ when all parties would have an opportunity to present evidence and cross-examine witnesses. We do not consider evidence and claims presented for the first time before this court. *See Brown & Root Indust. Serv. v. Industrial Comm'n*, 947 P.2d 671, 677 (Utah 1997) ("We have consistently held that issues not raised in proceedings before administrative agencies are not subject to judicial review except in exceptional circumstances.").

¶6 We disturb the Board's findings of fact only if they are "not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G-4-403(4)(g) (2011). "It is not our role to judge the relative credibility of witnesses." *Albertsons, Inc. v. Department of Emp't Sec.*, 854 P.2d 570, 575 (Utah Ct. App. 1993); *see also Prosper Team, Inc. v. Department of Workforce Servs.*, 2011 UT App 246, ¶ 10, 262 P.3d 462 (deferring to the Board's advantaged position to assess the claimant's credibility). We will not disturb the Board's application of the law to the facts as long as it is "within the realm of reasonableness and rationality." *EAGALA, Inc. v. Department of Workforce Servs.*, 2007 UT App 43, ¶ 9, 157 P.3d 334 (internal quotation marks omitted). The Board's factual findings are supported by substantial evidence in the record as a whole, and the Board's determinations that Nave quit his employment without good cause and did not demonstrate that a denial of benefits was contrary to equity and good conscience are reasonable and rational. Accordingly, we do not disturb the Board's decision.

_____
James Z. Davis, Judge

_____
William A. Thorne Jr., Judge

_____
Stephen L. Roth, Judge