IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Scott Colquitt, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner, | ) | Case No. 20120184-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (June 1, 2012) |
| Department of Workforce Services, | ) | |
| | ) | 2012 UT App 155 |
| Respondent. | ) | |

-----

Original Proceeding in this Court

Attorneys:     Scott Colquitt, Syracuse, Petitioner Pro Se
               Suzan Pixton, Salt Lake City, for Respondent

-----

Before Judges Orme, Thorne, and Roth.

¶1     Scott Colquitt seeks judicial review of the decision of the Workforce Appeals Board (the Board) disqualifying him from benefits and assessing an overpayment and statutory penalty. *See* Utah Code Ann. § 35A-4-405(5) (2011). We do not disturb the Board's decision.

¶2     A claimant who knowingly fails to report a material fact on unemployment benefit claims is not eligible for benefits. *See id*. § 35A-4-405(5)(a). Upon a finding of fraud, the claimant must repay any benefits received, along with a civil penalty equal to the amount of benefits received. *See id*. § 35A-4-405(5)(a), (c). Colquitt does not dispute that he was self-employed as a network marketer, receiving both commissions on sales and earnings for recruiting others to work in the sales network. Colquitt did not dispute the Administrative Law Judge's (ALJ) computation of the amount of compensation he received or the determination of the overpayment for the weeks in

question. Accordingly, the only issue before this court is whether the Board properly imposed an overpayment and statutory penalty.

¶3   In order to demonstrate that a claimant has committed fraud in the receipt of benefits, the Department of Workforce Services (the Department) must establish the elements of materiality, knowledge, and willfulness. *See* Utah Admin. Code R994-406-401(1). "Materiality is established when a claimant makes false statements or fails to provide accurate information for the purpose of obtaining . . . any benefit payment to which the claimant is not entitled." *Id*. R994-406-401(1)(a)(i)(A). Because Colquitt received benefits to which he was not entitled as a result of his failure to report earnings from self-employment, the Board concluded that materiality was established. Knowledge is established when the claimant knew or should have known that the information submitted to the Department was incorrect or failed to provide required information. *See id.* R994-406-401(1)(b). Colquitt testified that he received the claimant's guide and scanned it. That guide advised him that he must report earnings from self-employment or from work on a contract or commission basis. *See id*. R994-405-502(2) (stating that a claimant has an obligation to read material provided by the Department). When Colquitt filed his weekly claims, he was asked, "Did you work?" Each week, he answered "no," although he earned commissions on sales and earnings from recruiting others to participate in the sales network throughout the period. The Board concluded that the element of knowledge was established. "Willfulness is established when a claimant files claims or other documents containing false statements, responses or deliberate omissions." *Id.* R994-406-401(1)(c). The Board concluded that willfulness was established because Colquitt filed claims that failed to set forth material facts or contained false statements because he failed to report his self-employment.

¶4   Colquitt challenged the fraud determination and, more specifically, the element of knowledge. He testified that he was advised by unidentified representatives of the Department that he should answer "no" to the question on his weekly claims asking whether he had worked, allegedly because his self-employment as a network marketer was not considered to be employment. The ALJ did not find this testimony to be credible, finding it "unlikely that the Department representative told the Claimant to be untruthful when he filed his claims and not to report he was working." The Board adopted this finding. We do not disturb the Board's credibility determination or its conclusion that the knowledge element was proven. *See Prosper Team, Inc. v. Department*

20120184-CA                    2

*of Workforce Servs.*, 2011 UT App 246, ¶ 4 n.2, 262 P.3d 462 ("[W]e never enter into the realm of credibility; the Board is simply in a much better position to judge the credibility of a witness than this court."). The Board also concluded that, although Colquitt alleged that he told a food stamp case worker about his income, every week that he filed for unemployment benefits he incorrectly reported that he did not work and also failed to report his income, which demonstrates willfulness. Because Colquitt's misrepresentations led to the payment of benefits to which he was not entitled, the Board concluded that materiality was shown.

¶5     We disturb the Board's findings of fact only if they are "not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G-4-403(4)(g) (2011). "It is not our role to judge the relative credibility of witnesses." *Albertsons, Inc. v. Department of Emp't Sec.*, 854 P.2d 570, 575 (Utah Ct. App. 1993); *see also Prosper*, 2011 UT App 246, ¶ 10 (deferring to the Board's advantaged position to assess the claimant's credibility). We will not disturb the Board's application of the law to the facts as long as it is "within the realm of reasonableness and rationality." *EAGALA, Inc. v. Department of Workforce Servs.*, 2007 UT App 43, ¶ 9, 157 P.3d 334 (internal quotation marks omitted). The Board's factual findings are supported by substantial evidence in the record as a whole, and the Board's decision assessing an overpayment and fraud penalty is reasonable and rational. Accordingly, we do not disturb the Board's decision.


_____
Gregory K. Orme, Judge



_____
William A. Thorne Jr., Judge



_____
Stephen L. Roth, Judge