2013 UT App 118

# THE UTAH COURT OF APPEALS

ROBERT JOHNSON,
Petitioner,
*v.*
DEPARTMENT OF WORKFORCE SERVICES,
WORKFORCE APPEALS BOARD,
Respondent.

Per Curiam Decision
No. 20130115-CA
Filed May 9, 2013

Original Proceeding in this Court

Robert Johnson, Petitioner Pro Se
Jaceson R. Maughan, Attorney for Respondent

Before JUDGES THORNE, VOROS, and CHRISTIANSEN.

PER CURIAM:

¶1    Robert Johnson seeks judicial review of a decision of the Workforce Appeals Board (the Board) denying him unemployment benefits because he voluntarily quit his job without good cause. *See* Utah Code Ann. § 35A-4-405(1)(a)(LexisNexis Supp. 2012). "To establish good cause, a claimant must show that continuing the employment would have caused an adverse effect which the claimant could not control or prevent" and "that an immediate severance of the employment relationship was necessary." Utah Admin. Code R994-405-102. Johnson did not file a response to our sua sponte motion for summary disposition. We do not disturb the Board's decision.

¶2    In the petition for review, Johnson claimed that the employer terminated his employment and that the employer lied

about the circumstances in a telephonic hearing before an Administrative Law Judge (ALJ). Johnson also claimed that he was harassed and criticized unfairly by the employer. The ALJ found the employer's testimony more credible and reliable than Johnson's testimony. The Board found no error in the ALJ's determination that the employer was the more credible witness. On Johnson's last day of work, the employer gave him specific instructions about how to cut a piece of metal. Johnson did not cut the metal as instructed. When the employer saw that the metal was not cut per the instructions, he asked Johnson what he was thinking. Johnson became upset and told the employer he was going to leave. The employer responded by telling Johnson that maybe he should leave. Johnson left work and did not return. The employer testified that he would not have terminated Johnson because he was needed to complete the job.

¶3      The Board concluded that Johnson was the moving party in the separation and that he voluntarily quit his employment without good cause. Johnson did not demonstrate that he would suffer an adverse effect from his continued employment that was so serious that it outweighed the benefits of remaining employed. The Board also found no mitigating circumstances that would cause the denial of benefits to be unduly harsh or contrary to equity or good conscience.

¶4      We disturb the Board's findings of fact only if the findings are "not supported by substantial evidence when viewed in light of the whole record before the court." Utah Code Ann. § 63G-4-403(4)(g) (LexisNexis 2011). "It is not our role to judge the relative credibility of witnesses." *Albertsons, Inc. v. Department of Emp't. Sec.*, 854 P.2d 570, 575 (Utah Ct. App. 1993); *see also Prosper Team, Inc. v. Department of Workforce Servs.*, 2011 UT App 246, ¶ 10, 262 P.3d 462 (deferring to the Board's advantaged position to assess the claimant's credibility). We will not disturb the Board's application of the law to the facts as long as it is "within the realm of reasonableness and rationality." *EAGALA, Inc. v. Department of*

*Workforce Servs.*, 2007 UT App 43, ¶ 9, 157 P.3d 334 (citation and internal quotation marks omitted).

¶5     The Board's factual findings are supported by substantial evidence in the record as a whole, and the Board's determinations that Johnson quit his employment without good cause and he did not demonstrate that a denial of benefits was contrary to equity and good conscience are both reasonable and rational. Accordingly, we do not disturb the Board's decision.

––––––––––––